IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**SHELIA JONES**                                                                     **PLAINTIFF**

**VS.**                                                   **CIVIL ACTION NO.** 5:20-cv-152 KS-MTP

**ELSTON WILLIAMS**                                        **DEFENDANTS**

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, Elston Williams, through counsel, has removed Civil Action No. 19-KV-0054-S filed in the Circuit Court of Adams County, Mississippi, to the United States District Court for the Southern District of Mississippi, Western Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Removal is proper because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### I. CIVIL ACTION REMOVED

1. On August 23, 2019, Plaintiff, Shelia Jones ("Plaintiff"), filed a Complaint in state court alleging negligence against Defendant as a result of an automobile accident that occurred on February 22, 2017, in Natchez, Adams County, Mississippi. This state-court action is styled, *Shelia Jones vs. Elston Williams*, and is pending in the Circuit Court of Adams County, Mississippi, bearing Civil Action No. 19-KV-0054-S. Pursuant to 28 U.S.C. § 1446(a) and L.U.Civ.R. 5(b), a true and correct copy of the certified record of state-court proceedings is attached hereto as **Exhibit A**.

## II. TIMELINESS OF REMOVAL

2.      Plaintiff served Defendant with a copy of the Summons and Complaint on June 9, 2019. Thirty days have not elapsed since Defendant was served with process, and removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

## III. COMPLETE DIVERSITY OF PARTIES

3.      According to her Complaint, Plaintiff is an adult resident citizen of Adams County, Mississippi. Compl. (Ex. A) ¶ 1. Defendant is an adult resident citizen of Louisiana. *Id.* ¶ 2. Therefore, in accordance with 28 U.S.C. § 1332, there is complete diversity of citizenship in this case.

## IV. AMOUNT IN CONTROVERSY EXCEEDS $75,000

4.      In the Fifth Circuit, "removal is proper if it is facially apparent from the complaint that the claims are likely to be above $ 75,000." *Randle v. Smithkline Beecham Corp.*, 338 F. Supp. 2d 704, 709 (S.D. Miss. 2004) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). Courts determine whether it is facially apparent that the amount in controversy exceeds the jurisdictional minimum "by simply examining the complaint and ascertaining whether the amount in controversy is likely to exceed $ 75,000." *Amos v. Citifinancial Corp.*, 243 F. Supp. 2d 587, 590 (N.D. Miss. 2003) (citing *Allen*, 63 F.3d at 1336).

5.      Plaintiff's Complaint clearly establishes that the amount in controversy is met.  In her Complaint, Plaintiff explicitly alleges that she seeks damages in the amount of $500,000. *See Compl.* (Ex. A) p. 2. As such, it is facially apparent from Plaintiff's Complaint that the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Therefore, this Court has original jurisdiction in accordance with 28 U.S.C. § 1332, and the action may be removed under 28 U.S.C. § 1441.

6.      Moreover, Plaintiff alleges that due to the subject accident, she suffered serious and permanent injuries and will continue to incur future medical expenses as a result of the accident. *Id.* (Ex. A) ¶ 5 & ¶ 13. She further claims she suffered "emotional trauma and distress and incurred expenses and lost income." *Id.* (Ex. A) ¶ 12.  These alleged damages make it facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (facially apparent that claimed damages exceeded $75,000 where plaintiff alleged physical injuries, medical expenses, physical pain and suffering, mental anguish, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (district court did not err in finding that plaintiff's claims exceeded $75,000 where plaintiff alleged property damages, travel expenses, an emergency ambulance trip, a hospital stay, pain and suffering, humiliation, and a temporary inability to do housework); *Colony Ins. Co. v. Ropers of Hattiesburg*, No. 2:11cv3KS-MTP, 2011 U.S. Dist. LEXIS 34026, at *9 (S.D. Miss. Mar. 29, 2011) (compensatory damages sought "would most probably result in the amount of controversy requirement being met" where damages included past and future medical expenses, past and future lost wages, past and future physical pain and suffering, and past and future emotional distress and anxiety); *Stewart v. Glenburney Healthcare, LLC*, No. 5:08-CV-270-DCB-JMR, 2008 U.S. Dist. LEXIS 106129, at *2 n.1 (S.D. Miss. Dec. 23, 2008) (facially apparent that claimed damages exceeded $75,000 where plaintiff sought compensatory damages for medical expenses, physical pain and suffering, emotional and mental anguish, loss of enjoyment of life, physical injuries, and disfigurement).

7.      Pursuant to the foregoing authorities, it is facially apparent from the Complaint that the amount in controversy of Plaintiff's claims exceeds $75,000, exclusive of interest and

costs. Therefore, this Court has original jurisdiction under 28 U.S.C. § 1332, and the action may be removed under 28 U.S.C. § 1441.

## V. VENUE

8.    Venue properly rests with this Court pursuant to 28 U.S.C. § 1441(a), as this case is being removed from the Circuit Court of Adams County, Mississippi.

## VI. NOTICE TO STATE COURT

9.    Defendant will immediately file a true and correct copy of this Notice of Removal with the Circuit Court of Adams County, Mississippi, and effect removal to this Court. In accordance with 28 U.S.C. § 1446(d), no further proceedings shall be had in the state court unless and until the matter is remanded.

## VII. NOTICE TO PLAINTIFF

10.    Consistent with 28 U.S.C. § 1446(d) and as indicated in the attached Certificate of Service, Plaintiff is being provided with a copy of this Notice of Removal.

## VIII. CONCLUSION

11.    For the reasons stated herein, Defendant requests that this Court receive and place on its docket this Notice of Removal and that the Circuit Court of Adams County, Mississippi, not proceed any further in this action unless and until it is remanded.

Dated: July 8, 2020.

Respectfully submitted,

**Elston Williams, Defendant**

By:    */s/ James R. Moore, Jr.*
      James R. Moore, Jr. (MSB #3445)
      Kyle R. Ketchings (MSB #105212)
      *Attorneys for Defendant*

OF COUNSEL:

**COPELAND, COOK, TAYLOR & BUSH, P.A.**
1076 Highland Colony Parkway
600 Concourse, Suite 100
Ridgeland, Mississippi 39157
Post Office Box 6020
Ridgeland, Mississippi 39158
Telephone: 601-856-7200
Fax: 601-856-7626
jmoore@cctb.com
kketchings@cctb.com

## CERTIFICATE OF SERVICE

I, James R. Moore, Jr./Kyle R. Ketchings, certify that a true and correct copy of the previous document was served via United States mail and electronic mail to the following:

Jeffery Harness
Post Office Box 758
Fayette, Mississippi 39069
attorneyjefferyharness@yahoo.com
*Attorney for Plaintiff*

Dated: July 8, 2020.

*/s/ James R. Moore, Jr.*
James R. Moore, Jr.
Kyle R. Ketchings